FILED
 2007 Jun-27  PM 03:50
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN CREEK PROPERTIES, L.L.C.;** | ) |
| **WILLIAM H. WHITEHEAD; STEVEN** | ) |
| **SUTHERLIN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CV 07-B-0107-S |
| | ) |
| **REGIONS BANK,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently before the court on defendant's Motion to Compel Arbitration. (Doc. 8.) For the reasons set forth below, the court finds that defendant's Motion to Compel Arbitration is due to be granted.

"The determination of the propriety of a motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (FAA) is a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute. . . . The second step in ruling on a motion to compel arbitration involves deciding whether 'legal constraints external to the parties' agreement foreclosed arbitration.'" *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004), *cert. denied,* 544 U.S. 1061 (2005)(citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 628 (1985))(internal footnotes omitted). The issue before the court is whether the parties agreed to arbitrate disputes arising from the Interest Rate Swap Agreement.

Plaintiffs' claims arise from the Interest Rate Swap Agreement, which does not contain an arbitration provision. Defendant contends that the arbitration agreement in the parties' Credit Agreement, and incorporated by reference in the Credit Guaranty Agreements, covers disputes arising from the Interest Rate Swap Agreement. The Credit Agreement states:

> The Borrower [Ryan Creek] represents to the Lender [Regions Bank] that its business and affairs constitute substantial interstate commerce and that it contemplates using the proceeds of the Notes in substantial interstate commerce. Except as otherwise specifically set forth below, ***any action, dispute, claim, counterclaim or controversy ("Dispute" or "Disputes"), between or among the Lender, the Borrower or any Obligor [Whitehead and Sutherlin], including any claim based on or arising from an alleged tort, shall be resolved by arbitration as set forth below***. As used herein, ***Disputes shall include*** all actions, disputes, claims, counterclaims or controversies arising in connection with the Note, any extension of or commitment to extend Credit by the Lender, any collection of any indebtedness owed to the Lender, any security or collateral given to the Lender, any action taken (or omission to take any action) in connection with any of the foregoing, and ***past, present and future agreement between or among the Lender, the Borrower or any other Obligor (including the Note and any Credit Document), and any past, present or future transactions between or among the Lender, the Borrower or any other Obligor***. Without limiting the generality of the foregoing, Disputes shall include actions commonly referred to as AmSouth Bank liability actions.

(Doc. 8, Att. 1 at 33.) The Credit Guaranty Agreements, signed by plaintiffs Sutherlin and Whitehead, incorporated the arbitration clause by reference. (*Id.*, Att. 2 at 12; *id.*, Att. 3 at 12.)

Plaintiffs contend that they cannot be compelled to arbitrate their claims "because they have not contracted to arbitrate the claims asserted in this complaint," which arise from the

2

Interest Rate Swap Agreement. (Doc. 10 at 1.) The Interest Rate Swap Agreement does not contain an arbitration agreement.

> Because arbitration can only be compelled when the subject of the dispute has been agreed to be settled by arbitration, having one contract which contains a broad arbitration agreement does not necessarily mean that arbitration can be compelled when the subject of the dispute arises from a separate contract which does not have an arbitration clause.

*Klay*, 389 F.3d at 1201 (citing *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1352 (11th Cir. 1982)). However:

> it has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with ***positive assurance*** that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. Such a presumption is particularly applicable where the clause is as broad as the one employed in this case . . . . In such cases, ***in the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail***.

*AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986)(quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-85 (1960); citing *Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 377-78 (1974))(emphasis added; internal citations and quotations omitted).

Clearly, plaintiffs' disputes are within the scope of the broad arbitration agreement; the arbitration agreement in the Credit Agreement is not limited to disputes related to the Credit Agreement; rather, it covers all agreements and all transactions between the parties. (Doc. 8, Att. 1 at 33.) This broad agreement to arbitrate covers the claims at issue in this

3

case. *See Cara's Notions, Inc. v. Hallmark Cards, Inc.,*, 569 (4th Cir. 1998). Indeed, "The agreement reaches this dispute because the agreement reaches any and all disputes" between the parties. *Anders v. Hometown Mortg. Services, Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003).

Therefore, defendant's Motion to Compel Arbitration is due to be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion defendant's Motion to Compel Arbitration is due to be granted. An Order granting defendant's Motion to Compel Arbitration will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 27th day of June, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE